RONALD P. SLATES, State Bar #43712
KONRAD L. TROPE, State Bar #133214
RONALD P. SLATES, A PROFESSIONAL CORPORATION
500 South Grand Avenue, Biltmore Tower Suite 2010
Los Angeles, California 90071
(213) 624-1515 / FAX (213) 624-7536
rslates2@rslateslaw.com
ktrope@tropelawgroup.com
Attorneys for Plaintiff Lunch Inc., a Delaware corporation

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| LUNCH INC., a Delaware corporation, | CASE NO. |
| Plaintiff, | Complaint for (1) Breach of Written Contract; (2) Breach of Oral Contract; (3) Violation of the Racketeering Influence and Corrupt Organizations Act "Rico" (Wire Fraud); (4) Violation of Rico (Money Laundering) (5) Violation of Rico (Theft/Conversion); (6) Avoidance of Transfer of Real Property [Cal. Civ. Code §3439.04(a)(1)]; (7) Voidable Transaction [Cal. Civ. Code §3439.04(a)(2)]; (8) Voidable Transaction [Cal. Civ. Code §3439.05]; (9) Fraud - Intentional Misrepresentation- Suppression of Fact; (10) Negligent Misrepresentation - Suppression of Fact; (11) Conversion; and (12) Unjust Enrichment and Imposition of Constructive Trust |
| vs. | |
| CHIM INTERNATIONAL CORPORATION, a Pennsylvania corporation; TRACEY CARTWRIGHT, an individual aka TRACEY C. NEARY, aka TRACEY N. QUINN, aka TRACEY CARTWRIGHT, aka TRACEY NEARY QUINN, aka TRACEY C. QUINN and aka TRACEY C NEARY-QUINN, JENNA QUINN, an individual, RYAN QUINN, an individual and DOES 1 through 25, inclusive, | |
| Defendant. | |

**PLAINTIFF DEMANDS A JURY TRIAL**

Plaintiff LUNCH INC., a Delaware corporation, hereby respectfully brings this Complaint and alleges as follows:

## PARTIES

1.      Plaintiff, LUNCH INC. a Delaware corporation ("Plaintiff"), is now and was, at all times herein mentioned, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and is now and was, at all times herein

1  mentioned, authorized to do and doing business in the State of California as a foreign
2  corporation with its principal place of business in said State located in the County of
3  Los Angeles at 1241 5th Street, Suite 309, Santa Monica, California 90401.

4      2.      Plaintiff is informed and believes, and based upon such information and
5  belief alleges that Defendant CHIM INTERNATIONAL CORPORATION ("Chim"),
6  is now and was, at all times herein mentioned, a corporation duly organized and
7  existing under and by virtue of the laws of the State of Pennsylvania.

8      3.      Plaintiff is informed and believes, and based upon such information and
9  belief alleges, that Defendant, TRACEY CARTWRIGHT aka TRACEY C. NEARY,
10 aka TRACEY N. QUINN, aka TRACET CARTWRIGHT, aka TRACEY NEARY
11 QUINN, aka TRACEY C. QUINN and aka TRACEY C NEARY-QUINN ("T.
12 Cartwright"), is now and was, at all times herein mentioned, an individual residing in
13 the City of Pittsburgh, County of Allegheny, State of Pennsylvania.

14     4.      Plaintiff is further informed and believes, and based upon such information
15 and believe alleges, that Defendant T. Cartwright is now and was, at all times herein
16 mentioned, the Chief Executive Officer, a director and the sole shareholder of
17 Defendant Chim and derives all or substantially all of her livelihood from the operation
18 of Defendant Chim.

19     5.      Plaintiff is further informed and believes, and based upon such information
20 and belief alleges, that this Court has ultra vires jurisdiction over Defendant T.
21 Cartwright based upon her engaging in activities that were outside of her authority as
22 the Chief Executive Officer of Defendant Chim, as set forth more fully hereinbelow.

23     6.      Plaintiff is informed and believes, and based upon such information and
24 belief alleges, that Defendant, JENNA QUINN ("J. Quinn") is now and was, at all
25 times herein mentioned, an individual residing in the City of Pittsburgh, County of
26 Allegheny, State of Pennsylvania.

27     7.      Plaintiff is further informed and believes and based thereon alleges that
28 Defendant J. Quinn is the daughter of Defendant T. Cartwright, the former Chief

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  Financial Officer of Defendant Chim, and a co-conspirator in all unlawful acts
2  committed by Defendant Chim and Defendant T. Cartwright.

3      8.    Plaintiff is informed and believes, and based upon such information and
4  belief alleges, that Defendant, RYAN QUINN ("R. Quinn") in the City of Pittsburgh,
5  County of Allegheny, State of Pennsylvania.

6      9.    Plaintiff is further informed and believes and based thereon alleges that
7  Defendant R. Quinn is the son of Defendant T. Cartwright, the Chief Operating Officer
8  of Defendant Chim, the brother of Defendant J. Quinn and a co-conspirator in all
9  unlawful acts committed by Defendant Chim and Defendant T. Cartwright.

10     10.   Plaintiff is informed and believes, and based upon such information and
11 belief alleges that Defendants DOES 1 through 10, inclusive, are individuals, who are
12 believed to reside in Pennsylvania, and are involved in the acts complained of herein
13 in that they were part of the RICO conspiracy described hereinbelow wherein they
14 assisted in facilitating the conversion and theft of monies rightfully belonging to
15 Plaintiff and aided and assisted Defendants Chim, T. Cartwright, J. Quinn and R.
16 Quinn, in transferring, converting and stealing monies from Plaintiff. The true names
17 and identities of these unindicted co-conspirators are presently unknown to Plaintiff.
18 Plaintiff will amend its Complaint to set forth the true names of said unindicted co-
19 conspirators when same become known to it.

20     11.   As permitted by Local Rule 19-1, the true names and  capacities of
21 Defendants DOES 11 through 25, inclusive, whether individual, corporate, associate
22 or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such
23 fictitious names. Plaintiff will amend its Complaint to allege said Doe Defendants' true
24 names and capacities when the same has been ascertained.

25     12.   Plaintiff is informed and believes, and upon such information and belief
26 allege, that each of the defendants named herein as DOES 11 through 25, inclusive,
27 were and are in some manner responsible for the actions, acts and omissions herein
28 alleged, and for the damage caused by the defendants, and are, therefore, jointly and

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint

1  severally liable for the damages caused to Plaintiff.

2      13.    Plaintiff is further informed and believes, and upon such information and
3  belief alleges, that each of the defendants including DOES 11 through 25, inclusive,
4  were, at all times herein mentioned, acting in concert with, and in conspiracy with, each
5  and every one of the remaining defendants.

6      14.    At all times herein mentioned, defendants, and each of them, were an
7  owner, a co-owner, an agent, representative, partner, and/or alter ego of its
8  co-defendants, or otherwise acting on behalf of each and every remaining defendant
9  and, in doing the things hereinafter alleged, were acting within the course and scope of
10  their authorities as an owner, a co-owner, an agent, representative, partner, and/or alter
11  ego of its co-defendants, with the full knowledge, permission and consent of each and
12  every remaining defendant, each co-defendant having ratified the acts of the other
13  co-defendants.

14      15.    Wherever appearing in this Complaint, each and every reference to
15  defendants or to any of them, is intended to be and shall be a reference to all defendants
16  hereto, and to each of them, named and unnamed, including all fictitiously named
17  defendants, unless said reference is otherwise specifically qualified.

18                          **JURISDICTION AND VENUE**

19      16.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1138(a)
20  because federal questions are predicated on violations of the Racketeering Influenced
21  and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-1968. The
22  RICO claims are predicated upon violations of 18 U.S.C. §§ 1962 and 1964. The Court
23  also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the non-federal
24  question claims arose from the same nucleus of operative facts. Additionally, there is
25  diversity in that the amount in controversy exceeds $75,000 and the Plaintiff and
26  Defendants are of different citizenship pursuant to 28 U.S.C. §1332. This Court also
27  has ultra vires jurisdiction over Defendant T. Cartwright based upon the acts committed
28  by her which exceeded her authority as Chief Executive Officer of Defendant Chim.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because Plaintiff maintains its business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district, and all monies due to Plaintiff from Defendants were due and payable in this judicial district.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18. Plaintiff is in the business of factoring and, prior to the commencement of this action, Plaintiff purchased certain agreed upon accounts receivable from and advanced monies to Defendant Chim pursuant to a Master Services Agreement which was executed on February 9, 2023 by Defendant J. Quinn as the Chief Financial Officer of Defendant Chim. A true and correct copy of said Master Services Agreement is attached hereto and incorporated herein by reference as Exhibit "1". Said Exhibit "1" was executed and accepted by Plaintiff in the above-entitled district in the County of Los Angeles, State of California.

19. Pursuant to Exhibit "1" hereto, Plaintiff became the legal owner and holder of all receivables purchased by it pursuant to said contract or contracts.

20. Defendant Chim provides medical record coding and billing services to its customers which are government/public medical facilities throughout the United States, including but not limited to, University of New Mexico Hospitals in New Mexico and University Health in Texas, including its subsidiary, Bexar County Hospital District in San Antonio, Texas.

21. On or about April 14, 2023, Defendant J. Quinn (who never advised Plaintiff that she was the daughter of Defendant T. Cartwright), advised Plaintiff that she had resigned as the Chief Financial Officer of Defendant Chim.

22. Due to the resignation of Defendant J. Quinn, who had executed Exhibit "1" hereto on behalf of Defendant Chim, on April 14, 2023, Plaintiff advised Defendant Chim that a new Master Services Agreement had to be executed by Defendant T. Cartwright, the Chief Executive Officer of Defendant Chim.

23. On or about April 19, 2023, Defendant T. Cartwright executed a Master

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  Services Agreement with Plaintiff. A true and correct copy of said Master Services

2  Agreement is attached hereto and incorporated herein by reference as Exhibit "2".

3      24. Pursuant to the terms and conditions of Exhibits "1" and "2" hereto,

4  Defendant Chim's customers shall pay Defendant Chim within three (3) business days

5  of the due date of said receivable. Thereafter, Defendant Chim shall pay Plaintiff the

6  outstanding amount due on each such receivable within three (3) business days of

7  Defendant Chim's receipt thereof.

8      25. Pursuant to the terms and conditions of Exhibits "1" and "2" hereto,

9  Plaintiff is allowed access to Defendant Chim's bank account to withdraw the

10  outstanding amounts due within three (3) days of receipt of same from Defendant

11  Chim's customer(s).

12      26. Pursuant to the terms and conditions of Exhibits "1" and "2" hereto,

13  Plaintiff purchased the following accounts receivable from and advanced monies to

14  Defendant Chim, and Plaintiff is now the legal owner and holder thereof pursuant to

15  said contract:

| Name | Inv # | Inv Date | Inv. Due Date | Inv. Amt | Status |
|---|---|---|---|---|---|
| Unv Hlth | UH1014 | 1/16/23 | 3/02/23 | $ 20,215.00 | Paid |
| Unv Hlth | UH1015 | 2/6/23 | 3/23/23 | 21,060.00 | Paid |
| DHHS | ME0046 | 3/6/23 | 4/5/23 | 1,170.00 | Paid |
| Unv Hlth | UH1016 | 2/24/23 | 4/10/23 | 20,800.00 | Unpaid |
| Unv NM | UNM2004 | 3/1/23 | 3/31/23 | 53,023.42 | Unpaid |
| Unv Hlth | UH2017 | 3/30/23 | 5/14/23 | 26,000.00 | Unpaid |
| Unv NM | UNM2005 | 4/3/23 | 5/3/23 | 63,123.39 | Unpaid |
| Total | | | | $ 205,391.81 | |
| Paid | | | | 42,445.00 | |

26  **TOTAL OUTSTANDING AMOUNT DUE $ 162,946.81**

27      A true and correct copy of each of the aforesaid invoices is attached hereto and

28  incorporated herein by reference as Exhibits "3", "4", "5", "6", "7", "8", and "9"

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 respectively.

2     27.    Plaintiff has received payments from Defendants, and each of them, on
3 invoices for which payment hereunder is not being sought. All payments made have
4 been credited to Defendants' account with Plaintiff and there remains due, owing and
5 unpaid from Defendants, and each of them, to Plaintiff, at least the sum of One
6 Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
7 ($162,946.81).

8     28.    Plaintiff knows, because it had access at all times hereto to Defendant
9 Chim's bank account pursuant to Exhibits "1" and "2" hereto, that all of the aforesaid
10 invoices were paid by Defendant Chim's customers and that Defendant T. Cartwright,
11 without corporate documented authority to do so, transferred all of the funds received
12 in payment of the aforesaid invoices from the corporate bank account of Defendant
13 Chim to which Plaintiff had access to withdraw funds in payment of the outstanding
14 indebtedness due to other bank accounts (at banks in the United States) of Defendants,
15 and each of them, to which Plaintiff had no access and no power to withdraw the funds.

16     29.    Furthermore, Plaintiff has verified with each of Defendant Chim's
17 aforesaid customers that in fact the outstanding indebtedness due was timely paid in full
18 to Defendant Chim.

19     30.    Plaintiff is further informed and believes, and based upon such information
20 and belief alleges, that Defendant T. Cartwright, without documented corporate
21 authority to do so, received payment on Invoice UH1016 (Exhibit "6" hereto) on March
22 22, 2023 by check, which check Defendant T. Cartwright, without documented
23 corporate authority to do so, cashed and did not remit payment to Plaintiff.

24     31.    Plaintiff is further informed and believes, and based upon such information
25 and belief alleges, that Defendant Chim also received payment on April 17, 2023 on
26 Invoice UNM 2005 (Exhibit "9" hereto), and that Defendant T. Cartwright, without
27 documented corporate authority to do so, diverted the monies immediately from the
28 account to which Plaintiff had access to another account of Defendants at a bank or

Page 7

1  banks in the United States to which Plaintiff had no access and never remitted payment
2  to Plaintiff.

3      32.    Plaintiff is further informed and believes, and based upon such information
4  and belief alleges, that all of the aforesaid invoices have been paid to Defendant Chim
5  by its customers, and that all of said payments have been diverted by Defendant T.
6  Cartwright, without documented corporate authority to do so, to other accounts at a
7  bank or banks in the United States, including her own and those of her children,
8  Defendant J. Quinn and Defendant R. Quinn, all to Plaintiff's damage in at least the
9  sum of One Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
10  ($162,946.81).

11      33.    Plaintiff is also entitled to interest on the unpaid outstanding amount due
12  at the lawful rate of 10% per annum from and after the due dates set forth on Exhibits
13  "6", "7", "8" and "9".

14      34.    Pursuant to Paragraph 10 of Exhibits "1" and "2" hereto, ". . . If Lunch
15  engages legal counsel to collect payment on any receivables, Customer (Defendant
16  Chim) shall be responsible for reimbursing Lunch for all legal fees and costs in
17  connection with such collection efforts. . . ."

18      35.    On April 10, 2023, Plaintiff sent an email to Defendant J. Quinn advising
19  her that Defendant Chim's bank account ending in 2998 was no longer connected to
20  Plaintiff's system as required by Exhibits "1" and "2" hereto. Plaintiff further advised
21  Defendant J. Quinn that the bank account that had been connected by Defendant Chim
22  had zero (0) valid accounts.

23      36.    On April 11, 2023, Defendant J. Quinn replied that "we will reconnect the
24  account today." Defendant J. Quinn also requested that Defendant T. Cartwright be
25  added as a "user" to the account. Plaintiff advised Defendant J. Quinn that Defendant
26  T. Cartwright could be added as a user and requested the contact information for her.
27  Defendant J. Quinn advised that Defendant T. Cartwright's email address was
28  tcartwright@chiminternational.com and her phone number of 412/49-8232. A true and

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 correct copy of said email chain is attached hereto and incorporated herein by reference
2 as Exhibit "10".

3     37.    On April 19, 2023, Plaintiff emailed Defendant T. Cartwright that ". . . a
4 matching payment has landed for Invoice UNM2005 (Exhibit 10 hereto). We are going
5 to initiate a withdrawal today, 4/19/2023 in the amount of $63.123.39. . ." A true and
6 correct copy of said email is attached hereto and incorporated herein by reference as
7 Exhibit "11".

8     38.    Pursuant to the terms and conditions of Exhibits "1" and "2" hereto, on
9 April 21, 2023, Plaintiff initiated a debit for invoice UNM2005 (Exhibit "9" hereto)
10 from Defendant Chim's bank account at Chase Bank/JP Morgan Chase Bank National
11 Association more particularly identified as account #2746 ("Chase Bank account
12 #2746").

13     39.    On April 26, 2023, Plaintiff sent an email to Defendant T. Cartwright that
14 "The debit that we initiated on 4/21/23 for Invoice UNM2005 in the amount of
15 $63,123.39 returned today due to insufficient funds. Can you please provide insight
16 on why this happened?" A true and correct copy of said email is attached hereto and
17 incorporated herein by reference as Exhibit "12".

18     40.    On April 27, 2023, Defendant T. Cartwright responded to Plaintiff's email
19 of April 26, 2023, stating ". . . There were additional unforeseen debits that were
20 unaccounted/unplanned for and that affected our deposits. We will work on resolving
21 the payment due on Invoice UNM2005 and will circle back with you as soon as
22 possible. . .". A true and correct copy of said email is attached hereto and incorporated
23 herein by reference as Exhibit "13".

24     41.    From April 27, 2023 through May 9, 2023, Plaintiff sent repeated emails
25 to Defendant T. Cartwright, the last of which was sent on May 5, 2023 wherein Plaintiff
26 advised Defendant T. Cartwright that Plaintiff had confirmed that all of the outstanding
27 amounts due had been paid by Defendant Chim's customers to Defendant Chim and
28 demanded payment forthwith of said amounts. To date, no further communications

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   have been had between Plaintiff and Defendants, and each of them. A true and correct
2   copy of said emails is attached hereto and incorporated herein by reference as Exhibit
3   "14", collectively.

4       42.   Plaintiff did retain a collection agency to collect the outstanding amount
5   due but to no avail. On May 26, 2023, a member of the collection agency spoke with
6   Defendant R. Quinn who provided two apparently "fake" email addresses to said
7   collection agency. No further communications were ever had thereafter with
8   Defendants.

9       43.   No further sums whatsoever have been paid to Plaintiff to date by
10  Defendants or anyone acting on Defendants' behalf.

11                    **ALLEGATIONS RE DEFENDANTS' FRAUD**

12      44.   Plaintiff is informed and believes and based upon such information and
13  belief alleges that the entire transaction between Plaintiff and Defendants, and each of
14  them, was an elaborate fraudulent suppression of facts regarding the scheme concocted
15  by Defendants, and each of them, to lull Plaintiff into a false sense of security that
16  Defendant Chim was a legitimate company engaged in business and that it would pay
17  to Plaintiff all monies advanced against invoices pursuant to Exhibits "1" and "2"
18  hereto in a timely manner, as it did with the initial three (3) invoices.

19      45.   The true facts were as follows:

20          a.   Defendant T. Cartwright knew at the time that her daughter,
21              Defendant J. Quinn entered into Exhibit "1" and at the time that she
22              entered into Exhibit "2" that Defendants had no intention of
23              adhering to the terms of Exhibits "1" and "2" hereto but rather paid
24              only the first three (3) transactions (which were only $42,445.00)
25              in order to lull Plaintiff into a false sense of security that
26              Defendants would in fact pay all sums advanced when due;

27          b.   Defendant T. Cartwright never intended to pay the amounts due
28              pursuant to Exhibits "1" and "2" hereto;

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint

c.    Defendant T. Cartwright always intended to and purposely did convert the funds advanced by Plaintiff to Defendant Chim to her own use and benefit; and

d.    Defendant T. Cartwright always intended to and purposely did convert the monies paid by Defendants' customers on the factored invoices to her own use and benefit which Defendants did when they cashed checks from Defendants' customers instead of depositing same to Defendant Chim's Chase Bank Account #2746 at Chase Bank and when they diverted payments made by Defendants' customers to a bank account in the United States to which Plaintiff had no access.

46.    Plaintiff is informed and believes, and based upon such information and alleges, that Defendants did all of the aforesaid acts in order to suppress their actual intent and scheme as set forth above, which Plaintiff believes Defendants have perpetrated on other unsuspecting institutions such as Plaintiff in the past and will continue to do so in the future.

**ALLEGATIONS COMMON TO 1557 CRESTVIEW DR., PITTSBURGH, PA**

47.    Plaintiff is informed and believes, and based upon such information and belief alleges, that on or about November 23, 2020, Defendant T. Cartwright acquired that certain real property located at 1557 Crestview Drive, Pittsburgh, Pennsylvania (the "Subject Real Property") and more particularly described as follows:

"ALL that certain lot or piece of ground situate in the Borough of Franklin Park, County of Allegheny and Commonwealth of Pennsylvania, being Lot No. 11 in the Ingomar Manor Plan of Lots as the same is recorded in the Department of Real Estate Office of Allegheny County, Pennsylvania in Plan Book Volume 42, page 141.

BEING known and designated as Block and Lot: 823-K-116 in the Deed Registry Office of Allegheny County, Pennsylvania.

UNDER AND SUBJECT to reservations, restrictions, easements and rights of way as the same may appear in prior instruments of record.

BEING the same premises which Garrett L. Cowles and Caroline M. Miller n/k/a Caroline M. Cowles, husband and wife, by Deed dated 11/09/2020 and

1  recorded11/23/2020 in the Department of Real Estate Office of Allegheny County in
2  Deed Book Volume 18237, Page 56, granted and conveyed unto Tracey Quinn a/k/a
   Tracey Cartwright as sole owner.

3      BEING the same premises which Alex P. Pearson and Diane M. Pearson,
   husband and wife, by Deed dated 10/04/2018 and recorded 10/11/2018 in the
4  Department of Real Estate Office of Allegheny County in Deed Book Volume 17389,
   Page 544, granted and conveyed unto Garrett L. Cowles, unmarried and Caroline M.
5  Miller, unmarried, as joint tenants with the right of survivorship.

6      TOGETHER WITH all and singular the buildings and improvements, ways,
   streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges,
7  hereditaments and appurtenances, whatsoever unto the hereby granted premises
   belonging, or in anywise appertaining, and the reversions and remainders, rents, issues
8  and profits thereof; and all the estate, right, title, interest, property, claim and demand
   whatsoever of her, the said grantor as well at law as in equity, of, in and to the same"
9

10     Parcel ID No. 0823-K-00116-0000-00

11     48.    Plaintiff is informed and believes, and upon such information and belief

12  alleges, that Defendant T. Cartwright acquired the Subject Real Property by

13  Conveyance Deed as a single woman from Caroline M. Cowles and Garrett L Cowles.

14  A true and correct copy of the 2020 Conveyance Deed recorded as Document No.

15  2020-33489 in the County of Allegheny, State of Pittsburgh is attached hereto and

16  incorporated herein by reference as Exhibit "15".

17     49.    Plaintiff is informed and believes, and upon such information and belief

18  alleges, that in anticipation and furtherance of Defendant T. Cartwrights money

19  laundering scheme as set forth hereinabove, on or about April 22, 2022 Defendant T.

20  Cartwright executed a Conveyance Deed transferring all right, title and interest in and

21  to the SUBJECT REAL PROPERTY to Defendants J. Quinn and R. Quinn (Defendant

22  T. Cartwright's children) *for inadequate or no consideration* which was not recorded

23  until September 14, 2022 (the "9/14/22 Conveyance Deed") which is less than four (4)

24  months prior to Chim's execution of Exhibit "1" hereto. A true and correct copy of the

25  9/14/22 Conveyance Deed recorded as Document No. 2022-29485 in the County of

26  Allegheny, State of Pennsylvania, is attached hereto and incorporated herein by

27  reference as Exhibit "16".

28     50.    Plaintiff is further informed and believes, and upon such information and

Complaint

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  belief alleges, that on or about December 2, 2022, Defendant T. Cartwright executed
2  a Corrective Conveyance Deed alleging "This transfer is from mother to children and
3  is therefore tax exempt," which was recorded on December 12, 2022 (the "12/12/22
4  Conveyance Deed") as Document No. 2022-38630 with the Department of Real Estate
5  in the County of Allegheny, State of Pennsylvania.   A true and correct copy of the
6  12/12/22 Conveyance Deed is attached hereto and incorporated herein by reference as
7  Exhibit "17".

8      51.    Plaintiff did not discover the transfer of the SUBJECT REAL PROPERTY
9  pursuant to the 9/14/22 Conveyance Deed and the 12/12/22 Conveyance Deed until on
10 or about August 1, 2023 when it undertook an asset investigation as to Defendant T.
11 Cartwright.

12     52.    Plaintiff is informed and believes, and upon such information and belief
13 alleges, that the SUBJECT REAL PROPERTY has a current fair market value of at
14 least $416,000.00 which Plaintiff is informed and believes, and based upon such
15 information and belief alleges, exceeds any currently recorded indebtedness against the
16 SUBJECT REAL PROPERTY.

17     53.    As hereinabove alleged, prior to the execution and recordation of the
18 9/14/22 Conveyance Deed and the 12/12/22 Conveyance Deed by Defendant T.
19 Cartwright to Defendants J. Quinn and R. Quinn, Defendant T. Cartwright (1) had
20 concocted her money laundering, wire fraud and theft/conversion scheme and had put
21 said scheme into operation with other lenders such as Plaintiff herein, (2) knew that she
22 was going to institute said scheme against money lenders, including Plaintiff, (3) would
23 most likely be sued for the money laundering, wire fraud and theft/conversion scheme
24 which she had undertaken and orchestrated and (4) wanted to ensure that she was
25 virtually Judgment proof and devoid of assets against which to levy in the event of
26 entry of a potential Judgment against her.

27     54.    Plaintiff is informed and believes, and upon such information and belief
28 alleges, that Defendant T. Cartwright knew full well, at the time that she transferred the

Page 13

Complaint

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 Subject Real Property from herself to Defendants J. Quinn and R. Quinn, that she had
2 successfully divested herself of the SUBJECT REAL PROPERTY and was thereby
3 unable to pay any obligations owed to Plaintiff and/or other financial lenders, and was
4 also effectively putting the SUBJECT REAL PROPERTY out of the reach of Plaintiff
5 and/or other financial lenders.

6 55. Plaintiff is informed and believes, and upon such information and belief
7 alleges, that the 9/14/22 Conveyance Deed recorded on September 14, 2022 and the
8 12/12/22 Conveyance Deed recorded on December 12, 2022 transferring the Subject
9 Real Property from Defendant T. Cartwright to Defendants J. Quinn and R. Quinn is
10 voidable as alleged herein pursuant to the California Voidable Transaction Act,
11 California Civil Code Sections 3439-3439.14.

**FIRST CAUSE OF ACTION**

**(Breach of Written Contract)**

14 AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN
15 CONTRACT AGAINST DEFENDANTS CHIM, T. CARTWRIGHT, J. QUINN AND
16 DOES 1 THROUGH 25, PLAINTIFF ALLEGES:

17 56. Plaintiff realleges and incorporates herein by reference Paragraphs 1
18 through 46, inclusive, of Plaintiff's Complaint with the same force and effect as though
19 set forth in full herein.

20 57. There existed written contracts between Plaintiff and Defendants, and each
21 of them, the terms of which are set forth at Paragraphs 18 through 43, above and on
22 Exhibits "1" and "2" hereto.

23 58. Plaintiff has performed all terms, conditions and covenants required by it
24 under the written contracts described hereinabove.

25 59. Defendants have failed to perform the various material covenants, terms
26 and conditions required of them under the written contracts as set forth hereinabove.
27 Thus, Defendants are in material breach of the written contracts between the parties.

28 60. As a result of Defendants' breach of the terms and conditions of the written

Page 14

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 agreement and invoices between Plaintiff and Defendants, and each of them, Plaintiff
2 has been damaged in at least the sum of One Hundred Sixty Two Thousand Nine
3 Hundred Forty Six and 81/100 Dollars ($162,946.81) or according to proof at the time
4 of trial together with interest thereon at the lawful rate of 10% per annum from and
5 after the "Payment Date" set forth on each invoice attached hereto as Exhibits "6", "7",
6 "8" and "9".

7      61.   Plaintiff has employed RONALD P. SLATES, A PROFESSIONAL
8 CORPORATION, a duly licensed and registered professional corporation by the State
9 Bar of California, to file and prosecute this action and has been obligated to pay said
10 law corporation a fee for the services rendered by it to Plaintiff at the rate of Managing
11 Attorney Ronald P. Slates at $695.00 per hour, $595.00 per hour for legal services
12 rendered by Senior Attorneys "Of Counsel", Daren Schlecter and Gerald Zack, $550.00
13 per hour for services rendered by Associate Attorneys, $495.00 per hour for services
14 rendered by Senior Legal Assistant, $395.00 per hour for services rendered by Senior
15 Paralegal and $395.00 per hour for services rendered by In-House
16 Investigator/Registered Process Server Carl Knapp. Therefore, pursuant to Paragraph
17 10 of Exhibits "1" and "2" hereto, and as provided by California law, Plaintiff seeks
18 attorney's fees and costs herein in at least the sum of Seventy Five Thousand and
19 00/100 Dollars ($75,000.000) or according to proof at the time of trial.

20               **SECOND CAUSE OF ACTION**
21               **(Breach of Oral Contract)**

22      AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF ORAL
23 CONTRACT AGAINST DEFENDANTS CHIM, T. CARTWRIGHT, J. QUINN AND
24 DOES 1 THROUGH 25, PLAINTIFF ALLEGES:

25      62.   Plaintiff realleges and incorporates herein by reference Paragraphs 1
26 through 46, inclusive, of Plaintiff's Complaint with the same force and effect as though
27 set forth in full herein.

28      63.   There existed oral contracts between Plaintiff and Defendants, and each

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  of them, the terms of which are set forth at Paragraphs 18 through 43, above and are

2  memorialized in Exhibits "1" and "2" hereto.

3      64.    Plaintiff has performed all terms, conditions and covenants required by it

4  under the oral contracts described hereinabove and as memorialized in Exhibits "1" and

5  "2" hereto.

6      65.    Defendants have failed to perform the various material covenants, terms

7  and conditions required of them as set forth hereinabove pursuant to the oral contracts

8  (which are memorialized in Exhibits "1" and "2" hereto).  Thus, Defendants are in

9  material breach of the oral contracts between the parties.

10     66.    As a result of Defendants' breach of the terms and conditions of the oral

11 agreements and invoices between Plaintiff and Defendants, and each of them, Plaintiff

12 has been damaged in at least the sum of One Hundred Sixty Two Thousand Nine

13 Hundred Forty Six and 81/100 Dollars ($162,946.81) or according to proof at the time

14 of trial together with interest thereon at the lawful rate of 10% per annum from and

15 after the "Payment Date" set forth on each invoice attached hereto as Exhibits "6", "7",

16 "8" and "9",

17     67.    Plaintiff has employed RONALD P. SLATES, A PROFESSIONAL

18 CORPORATION, a duly licensed and registered professional corporation by the State

19 Bar of California, to file and prosecute this action and has been obligated to pay said

20 law corporation a fee for the services rendered by it to Plaintiff at the rate of Managing

21 Attorney Ronald P. Slates at $695.00 per hour, $595.00 per hour for legal services

22 rendered by Senior Attorneys "Of Counsel", Daren Schlecter and Gerald Zack, $550.00

23 per hour for services rendered by Associate Attorneys, $495.00 per hour for services

24 rendered by Senior Legal Assistant, $395.00 per hour for services rendered by Senior

25 Paralegal and $395.00 per hour for services rendered by In-House

26 Investigator/Registered Process Server Carl Knapp.  Therefore, pursuant to Paragraph

27 10 of Exhibits "1" and "2" hereto, and as provided by California law, Plaintiff seeks

28 attorney's fees and costs herein in at least the sum of Seventy Five Thousand and

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  00/100 Dollars ($75,000.000) or according to proof at the time of trial.

2  **THIRD CAUSE OF ACTION**

3  **(Violations of the Racketeering Influence and Corrupt Organizations Act**

4  **("RICO")**

5  AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE

6  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

7  ("RICO") (WIRE FRAUD) AGAINST DEFENDANTS, AND EACH OF THEM,

8  PLAINTIFF ALLEGES:

9  68.  Plaintiff realleges and incorporates herein by reference Paragraphs 1

10 through 46, inclusive, Paragraphs 57 through 61, inclusive and Paragraphs 63 through

11 67, inclusive of its Complaint with the same force and effect as though set forth in full.

12 69.  The relevant time period for Defendants Chim's and T. Cartwright's

13 pattern of racketeering stems from at least January 17, 2020 through the present, and

14 possibly earlier, but at this point in discovery is as yet unknown and continues to the

15 filing of this RICO Complaint.

16 70.  Defendant T. Cartwright is now and was at all times relevant to this action

17 a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

18 1962(c).

19 71.  Defendant J. Quinn is now and was at all times relevant to this action a

20 RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

21 1962(c).

22 72.  Defendant R. Quinn is now and was at all times relevant to this action a

23 RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

24 1962(c).

25 **The RICO Enterprise**

26 73.  The RICO Persons have used the corporate entity, Defendant Chim, within

27 the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity.

28 This enterprise consists of the RICO business (Defendant Chim) and the RICO persons,

Page 17

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1    Defendants J. Quinn and R. Quinn, along with Defendant T. Cartwright (the "Rico
2    Family"). This enterprise possessed and continues to possess a common purpose and
3    goal, a membership, organizational structure, and an ongoing relationship amongst the
4    RICO Persons, the RICO business (which was incorporated by Defendant T. Cartwright
5    in or about January 17, 2020) and the Rico Family with sufficient longevity to permit
6    and enable pursuit of the enterprise's purpose and long term objective through a
7    continuous course of conduct that affected and continues to affect interstate commerce.

8        74.    This association-in-fact enterprise of Defendants also consists of non-
9    Defendants DOES 1 through 10, inclusive (the "Rico Family and Friends").  Plaintiff
10   is informed and believes, and based upon such information and belief alleges, that all
11   of the afore-named individuals facilitated and assisted the RICO Person defined
12   hereinabove, in carrying out the enterprise described hereinabove and hereinbelow but
13   their identities are as yet unknown to Plaintiff.  Plaintiff will amend its Complaint to
14   set forth their true names when same have been ascertained.

15       75.    Defendant Chim is an enterprise that exists separate and apart from
16   Defendants T. Cartwright's, J. Quinn's and R. Quinn's pattern of racketeering activity
17   inasmuch as the RICO Persons, the RICO Business, the Rico Family and the Rico
18   Family and Friends have multiple goals, not all of which are fraudulent or illegal. The
19   lawful activity engaged in by the Chim enterprise includes functioning as a regular
20   business which provides medical coding and billing services to the clients of Defendant
21   Chim. However, The RICO Persons, the RICO business, the Rico Family and the Rico
22   Family and Friends have, since at least February of 2023, used this enterprise to
23   conduct the repetitive acts of wire fraud which compromise comprising the pattern of
24   racketeering, as well as the continuous acts set forth herein above, which constitute
25   violations of the criminal acts of wire fraud.

26       76.    Defendant T. Cartwright is a "person" under the civil RICO statute
27   because she knowingly and fraudulently masterminded, conducted and participated in
28   the conduct, the management and the operation of the enterprise's affairs, directly or

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7636

1   indirectly, through a pattern of wire fraud racketeering activity in violation of 18 U.S.C.
2   § 1962(c).

3       77.    As part of the wire fraud scheme, Defendants J. Quinn and R. Quinn, at
4   the direction of Defendant T. Cartwright, used a complex scheme to transfer funds
5   which rightfully belonged to Plaintiff pursuant to the terms and conditions of Exhibits
6   "1" and "2" hereto to banks, other than Chase Bank account #2746 where the funds
7   from 3rd party vendors were to be deposited pursuant to said written agreements, in
8   Pennsylvania and elsewhere in the United States.

9       78.    At all relevant times, the Defendants and other conspirators associated
10  with the Chim enterprise conducted and participated, directly or indirectly, in the
11  conduct of the enterprise affairs through a "pattern of racketeering activity" within the
12  meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

13      79.    Specifically, at all relevant times, Defendants T. Cartwright, J. Quinn and
14  R. Quinn engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)
15  by engaging in the acts set forth above against Plaintiff, and other financial institutions
16  in the marketplace all with the express purpose of avoiding payment of the outstanding
17  amounts due to Plaintiff.

18      80.    In furtherance of this racketeering pattern, since February 9, 2023,
19  Defendants caused monies to be transferred into bank accounts to which Plaintiff did
20  not have access and used said funds to pay down the mortgage and/or cover expenses
21  for the Subject Real Property, which property had been purchased in November of 2020
22  by Defendant T. Cartwright.

23      81.    In addition, Defendants, as part of their racketeering activity also took the
24  funds illegally taken out of the Chase Bank account #2746 to which Plaintiff had access
25  and deposited those funds into accounts at Banks in the United States to which Plaintiff
26  did not have access, and said funds were also used to pay the personal and/or business
27  expenses of Defendant Chim and/or Defendant T. Cartwright.

28      82.    Thus, the acts set forth above constitute a violation of one or more of the

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and
2 theft/conversion). Defendants and their accomplices and co-conspirators each
3 committed and/or aided and abetted in the commission of two or more of these acts of
4 racketeering activities.

5     83. The acts by the RICO Persons in furtherance of their wire fraud scheme
6 to launder funds and convert same to her own use to avoid payment of the outstanding
7 amounts due to Plaintiff constituted a pattern of racketeering activity within the
8 meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related and
9 continuous. Each predicate act described herein above had the same or similar purpose:
10 the predicate acts involved material misrepresentations, omissions and concealment in
11 a scheme to injure Plaintiff and defraud Plaintiff of the monies rightfully due to it
12 pursuant to the terms and conditions of Exhibits "1" and "2" hereto. This pattern of
13 racketeering is separate and distinct from the legitimate business activities of Defendant
14 Chim.

15     84. Defendants and other disparagers committed acts in violation of 18 U.S.C.
16 §1956(a)(1) in which Defendants conducted a financial transaction, namely, the
17 transferance of funds out of bank accounts to which Plaintiff had agreed upon access
18 with the specific intent of designing or concealing or disguising the nature, location,
19 source, ownership or control of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i).

20     85. In addition, Plaintiff is informed and believes and thereon alleges that the
21 multiple transactions were undertaken by the Defendants with the knowledge that the
22 transaction was designed to avoid the transaction reporting requirements under Federal
23 [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports), 5316 (Currency
24 and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal Revenue Service
25 Form 8300)].

26     86. Defendants, indeed, have, through their misconduct described hereinabove
27 violated 18 U.S.C. §1957, because these Defendants, or at the very least Defendant T.
28 Cartwright, conducted multiple monetary transactions that were criminal by nature

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  because the funds were illegally taken out of bank accounts to which Plaintiff had
2  access pursuant to the terms and conditions of Exhibits "1" and "2" hereto and turned
3  into cash and/or placed in bank accounts over which Plaintiff had no access, and that
4  such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1). These
5  transactions included deposits, withdrawals, transfers, or exchanges, in or effecting
6  interstate commerce, of funds or monetary instruments that by, or through, to a
7  financial institution, including any transaction that would be defined as a transaction
8  under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

9        87.    Furthermore, each one of these financial transactions constitutes a separate
10  act unless there is a pattern of illegal conduct that qualifies for invocation of the RICO
11  statute. See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir. 1994); *United*
12  *States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

13        88.    There is extra territorial jurisdiction for these violations as the transactions
14  in question not only exceed $10,000, but also that the wire fraud was by a United States
15  citizen and the conduct occured in the United States.  See 18 U.S.C. §§1956(f),
16  1957(d).

17        89.    The acts of racketeering activity previously described constitute a "pattern
18  of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

19        90.    The acts alleged were related to each other by virtue of common
20  participants, common victims and a common result of fraud and enriching the
21  Defendants and conspirators at Plaintiff's expense while concealing the conspirators'
22  fraudulent activities.  The wire fraud scheme continues and would have remained
23  unknown but for Plaintiff having discovered the fraudulent activities when it attempted
24  to debit the Chase bank account #2746 of Defendant Chim and there were no funds
25  present therein after Plaintiff had confirmed that Defendant Chim's 3rd party vendors
26  had in fact paid all outstanding amounts due to Defendant Chim.

27        91.    To date, Plaintiff has been damaged in at least the sum of One Hundred
28  Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515/ FAX (213) 624-7536

1  according to proof at the time of trial plus prejudgment interest and attorneys' fees.

2      92.    Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover

3  three-fold its damages, plus costs and attorneys' fees from the Defendants.

4  **FOURTH CAUSE OF ACTION**

5  **(Violations of the Racketeering Influence and Corrupt Organizations Act**

6  **("RICO")**

7      AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE

8  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

9  ("RICO") (MONEY LAUNDERING) AGAINST DEFENDANTS, AND EACH OF

10  THEM, PLAINTIFF ALLEGES:

11      93.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

12  through 46, inclusive, Paragraphs 57 through 61, inclusive and Paragraphs 63 through

13  67, inclusive of its Complaint with the same force and effect as though set forth in full.

14      94.    The relevant time period for Defendants Chim's and T. Cartwright's

15  pattern of racketeering stems from at least January 17, 2020 through the present, and

16  possibly earlier, but at this point in discovery is as yet unknown and continues to the

17  filing of this RICO Complaint.

18      95.    Defendant T. Cartwright is now and was at all times relevant to this action

19  a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

20  1962(c).

21      96.    Defendant J. Quinn is now and was at all times relevant to this action a

22  RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

23  1962(c).

24      97.    Defendant R. Quinn is now and was at all times relevant to this action a

25  RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

26  1962(c).

27  **The RICO Enterprise**

28      98.    The RICO Persons have used the corporate entity, Defendant Chim, within

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010.
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Page 22

1  the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity.
2  This enterprise consists of the RICO business (Defendant Chim) and the RICO persons,
3  Defendants J. Quinn and R. Quinn, along with Defendant T. Cartwright (the "Rico
4  Family"). This enterprise possessed and continues to possess a common purpose and
5  goal, a membership, organizational structure, and an ongoing relationship amongst the
6  RICO Persons, the RICO business (which was incorporated by Defendant T. Cartwright
7  in or about January 17, 2020) and the Rico Family with sufficient longevity to permit
8  and enable pursuit of the enterprise's purpose and long term objective through a
9  continuous course of conduct that affected and continues to affect interstate commerce.

10  99.  This association-in-fact enterprise of Defendants also consists of non-
11  Defendants DOES 1 through 10, inclusive (the "Rico Family and Friends"). Plaintiff
12  is informed and believes, and based upon such information and belief alleges, that all
13  of the afore-named individuals facilitated and assisted the RICO Person defined
14  hereinabove, in carrying out the enterprise described hereinabove and hereinbelow but
15  their identities are as yet unknown to Plaintiff. Plaintiff will amend its Complaint to
16  set forth their true names when same have been ascertained.

17  100.  Defendant Chim is an enterprise that exists separate and apart from
18  Defendants T. Cartwright's, J. Quinn's and R. Quinn's pattern of racketeering activity
19  inasmuch as the RICO Persons, the RICO Business, the Rico Family and the Rico
20  Family and Friends have multiple goals, not all of which are fraudulent or illegal. The
21  lawful activity engaged in by the Chim enterprise includes functioning as a regular
22  business which provides medical coding and billing services to the clients of Defendant
23  Chim. However, The RICO Persons, the RICO business, the Rico Family and the Rico
24  Family and Friends have, since at least February of 2023, used this enterprise to
25  conduct the repetitive acts of money laundering which compromise comprising the
26  pattern of racketeering, as well as the continuous acts set forth herein above, which
27  constitute violations of the criminal acts of money laundering.

28  101.  Defendant T. Cartwright is a "person" under the civil RICO statute

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  because she knowingly and fraudulently masterminded, conducted and participated in
2  the conduct, the management and the operation of the enterprise's affairs, directly or
3  indirectly, through a pattern of money laundering racketeering activity in violation of
4  18 U.S.C. § 1962(c).

5  102. As part of the money laundering scheme, Defendants J. Quinn and R.
6  Quinn, at the direction of Defendant T. Cartwright, used a complex scheme to transfer
7  funds which rightfully belonged to Plaintiff pursuant to the terms and conditions of
8  Exhibits "1" and "2" hereto to banks, other than Chase Bank account #2746 where the
9  funds from 3rd party vendors were to be deposited pursuant to said written agreements,
10  in Pennsylvania and elsewhere in the United States.

11  103. At all relevant times, the Defendants and other conspirators associated
12  with the Chim enterprise conducted and participated, directly or indirectly, in the
13  conduct of the enterprise affairs through a "pattern of racketeering activity" within the
14  meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

15  104. Specifically, at all relevant times, Defendants T. Cartwright, J. Quinn and
16  R. Quinn engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)
17  by engaging in the acts set forth above against Plaintiff, and other financial institutions
18  in the marketplace all with the express purpose of avoiding payment of the outstanding
19  amounts due to Plaintiff.

20  105. In furtherance of this racketeering pattern, since February 9, 2023,
21  Defendants caused monies to be transferred into bank accounts to which Plaintiff did
22  not have access and used said funds to pay down the mortgage and/or cover expenses
23  for the Subject Real Property, which property had been purchased in November of 2020
24  by Defendant T. Cartwright.

25  106. In addition, Defendants, as part of their racketeering activity also took the
26  funds illegally taken out of the Chase Bank account #2746 to which Plaintiff had access
27  and deposited those funds into accounts at Banks in the United States to which Plaintiff
28  did not have access, and said funds were also used to pay the personal and/or business

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Page 24

1  expenses of Defendant Chim and/or Defendant T. Cartwright.

2  107. Thus, the acts set forth above constitute a violation of one or more of the
3  following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and
4  theft/conversion). Defendants and their accomplices and co-conspirators each
5  committed and/or aided and abetted in the commission of two or more of these acts of
6  racketeering activities.

7  108. The acts by the RICO Persons in furtherance of their money laundering
8  scheme to launder funds and convert same to her own use to avoid payment of the
9  outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within
10 the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related
11 and continuous. Each predicate act described herein above had the same or similar
12 purpose: the predicate acts involved material misrepresentations, omissions and
13 concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies
14 rightfully due to it pursuant to the terms and conditions of Exhibits "1" and "2" hereto.
15 This pattern of racketeering is separate and distinct from the legitimate business
16 activities of Defendant Chim.

17 109. Defendants and other disparagers committed acts in violation of 18 U.S.C.
18 §1956(a)(1) in which Defendants conducted a financial transaction, namely, the
19 transference of funds out of bank accounts to which Plaintiff had agreed upon access
20 with the specific intent of designing or concealing or disguising the nature, location,
21 source, ownership or control of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i).

22 110. In addition, Plaintiff is informed and believes and thereon alleges that the
23 multiple transactions were undertaken by the Defendants with the knowledge that the
24 transaction was designed to avoid the transaction reporting requirements under Federal
25 [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports), 5316 (Currency
26 and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal Revenue Service
27 Form 8300)].

28 111. Defendants, indeed, have, through their misconduct described hereinabove

Page 25

Complaint

1     violated 18 U.S.C. §1957, because these Defendants, or at the very least Defendant T.
2 Cartwright, conducted multiple monetary transactions that were criminal by nature
3 because the funds were illegally taken out of bank accounts to which Plaintiff had
4 access pursuant to the terms and conditions of Exhibits "1" and "2" hereto and turned
5 into cash and/or placed in bank accounts over which Plaintiff had no access, and that
6 such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1). These
7 transactions included deposits, withdrawals, transfers, or exchanges, in or effecting
8 interstate commerce, of funds or monetary instruments that by, or through, to a
9 financial institution, including any transaction that would be defined as a transaction
10 under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

11     112.   Furthermore, each one of these financial transactions constitutes a separate
12 act unless there is a pattern of illegal conduct that qualifies for invocation of the RICO
13 statute. See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir. 1994); *United*
14 *States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

15     113.   There is extra territorial jurisdiction for these violations as the transactions
16 in question not only exceed $10,000, but also that the money laundering was by a
17 United States citizen and the conduct occured in the United States. See 18 U.S.C.
18 §§1956(f), 1957(d).

19     114.   The acts of racketeering activity previously described constitute a "pattern"
20 of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

21     115.   The acts alleged were related to each other by virtue of common
22 participants, common victims and a common result of fraud and enriching the
23 Defendants and conspirators at Plaintiff's expense while concealing the conspirators'
24 fraudulent activities. The money laundering scheme continues and would have
25 remained unknown but for Plaintiff having discovered the fraudulent activities when
26 it attempted to debit the Chase bank account #2746 of Defendant Chim and there were
27 no funds present therein after Plaintiff had confirmed that Defendant Chim's 3rd party
28 vendors had in fact paid all outstanding amounts due to Defendant Chim.

Complaint

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1    116.   To date, Plaintiff has been damaged in at least the sum of One Hundred

2    Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or

3    according to proof at the time of trial plus prejudgment interest and attorneys' fees.

4    117.   Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover

5    three-fold its damages, plus costs and attorneys' fees from the Defendants.

6    **FIFTH CAUSE OF ACTION**

7    **(Violations of the Racketeering Influence and Corrupt Organizations Act**

8    **("RICO")**

9    AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE

10   RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

11   ("RICO") (THEFT/CONVERSION) AGAINST DEFENDANTS, AND EACH OF

12   THEM, PLAINTIFF ALLEGES:

13   118.   Plaintiff realleges and incorporates herein by reference Paragraphs 1

14   through 46, inclusive, Paragraphs 57 through 61, inclusive and Paragraphs 63 through

15   67, inclusive of its Complaint with the same force and effect as though set forth in full.

16   119.   The relevant time period for Defendants Chim's and T. Cartwright's

17   pattern of racketeering stems from at least January 17, 2020 through the present, and

18   possibly earlier, but at this point in discovery is as yet unknown and continues to the

19   filing of this RICO Complaint.

20   120.   Defendant T. Cartwright is now and was at all times relevant to this action

21   a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

22   1962(c).

23   121.   Defendant J. Quinn is now and was at all times relevant to this action a

24   RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

25   1962(c).

26   122.   Defendant R. Quinn is now and was at all times relevant to this action a

27   RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

28   1962(c).

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 **The RICO Enterprise**

2    123.   The RICO Persons have used the corporate entity, Defendant Chim, within
3 the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity.
4 This enterprise consists of the RICO business (Defendant Chim) and the RICO persons,
5 Defendants J. Quinn and R. Quinn, along with Defendant T. Cartwright (the "Rico
6 Family"). This enterprise possessed and continues to possess a common purpose and
7 goal, a membership, organizational structure, and an ongoing relationship amongst the
8 RICO Persons, the RICO business (which was incorporated by Defendant T. Cartwright
9 in or about January 17, 2020) and the Rico Family with sufficient longevity to permit
10 and enable pursuit of the enterprise's purpose and long term objective through a
11 continuous course of conduct that affected and continues to affect interstate commerce.

12    124.   This association-in-fact enterprise of Defendants also consists of non-
13 Defendants DOES 1 through 10, inclusive (the "Rico Family and Friends"). Plaintiff
14 is informed and believes, and based upon such information and belief alleges, that all
15 of the afore-named individuals facilitated and assisted the RICO Person defined
16 hereinabove, in carrying out the enterprise described hereinabove and hereinbelow but
17 their identities are as yet unknown to Plaintiff. Plaintiff will amend its Complaint to
18 set forth their true names when same have been ascertained.

19    125.   Defendant Chim is an enterprise that exists separate and apart from
20 Defendants T. Cartwright's, J. Quinn's and R. Quinn's pattern of racketeering activity
21 inasmuch as the RICO Persons, the RICO Business, the Rico Family and the Rico
22 Family and Friends have multiple goals, not all of which are fraudulent or illegal. The
23 lawful activity engaged in by the Chim enterprise includes functioning as a regular
24 business which provides medical coding and billing services to the clients of Defendant
25 Chim. However, The RICO Persons, the RICO business, the Rico Family and the Rico
26 Family and Friends have, since at least February of 2023, used this enterprise to
27 conduct the repetitive acts of theft/conversion which compromise comprising the
28 pattern of racketeering, as well as the continuous acts set forth herein above, which

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 constitute violations of the criminal acts of theft/conversion.

2      126.   Defendant T. Cartwright is a "person" under the civil RICO statute
3 because she knowingly and fraudulently masterminded, conducted and participated in
4 the conduct, the management and the operation of the enterprise's affairs, directly or
5 indirectly, through a pattern of theft/conversion racketeering activity in violation of 18
6 U.S.C. § 1962(c).

7      127.   As part of the theft/conversion scheme, Defendants J. Quinn and R. Quinn,
8 at the direction of Defendant T. Cartwright, used a complex scheme to transfer funds
9 which rightfully belonged to Plaintiff pursuant to the terms and conditions of Exhibits
10 "1" and "2" hereto to banks, other than Chase Bank account #2746 where the funds
11 from 3rd party vendors were to be deposited pursuant to said written agreements, in
12 Pennsylvania and elsewhere in the United States.

13      128.   At all relevant times, the Defendants and other conspirators associated
14 with the Chim enterprise conducted and participated, directly or indirectly, in the
15 conduct of the enterprise affairs through a "pattern of racketeering activity" within the
16 meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

17      129.   Specifically, at all relevant times, Defendants T. Cartwright, J. Quinn and
18 R. Quinn engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)
19 by engaging in the acts set forth above against Plaintiff, and other financial institutions
20 in the marketplace all with the express purpose of avoiding payment of the outstanding
21 amounts due to Plaintiff.

22      130.   In furtherance of this racketeering pattern, since February 9, 2023,
23 Defendants caused monies to be transferred into bank accounts to which Plaintiff did
24 not have access and used said funds to pay down the mortgage and/or cover expenses
25 for the Subject Real Property, which property had been purchased in November of 2020
26 by Defendant T. Cartwright.

27      131.   In addition, Defendants, as part of their racketeering activity also took the
28 funds illegally taken out of the Chase Bank account #2746 to which Plaintiff had access

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  and deposited those funds into accounts at Banks in the United States to which Plaintiff

2  did not have access, and said funds were also used to pay the personal and/or business

3  expenses of Defendant Chim and/or Defendant T. Cartwright.

4      132.   Thus, the acts set forth above constitute a violation of one or more of the

5  following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and

6  theft/conversion).    Defendants and their accomplices and co-conspirators each

7  committed and/or aided and abetted in the commission of two or more of these acts of

8  racketeering activities.

9      133.   The acts by the RICO Persons in furtherance of their theft/conversion

10 scheme to launder funds and convert same to her own use to avoid payment of the

11 outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within

12 the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related

13 and continuous.   Each predicate act described herein above had the same or similar

14 purpose: the predicate acts involved material misrepresentations, omissions and

15 concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies

16 rightfully due to it pursuant to the terms and conditions of Exhibits "1" and "2" hereto.

17 This pattern of racketeering is separate and distinct from the legitimate business

18 activities of Defendant Chim.Defendants and other disparagers committed acts in

19 violation of 18 U.S.C. §1956(a)(1) in which Defendants conducted a financial

20 transaction, namely, the transference of funds out of bank accounts to which Plaintiff

21 had agreed upon access with the specific intent of designing or concealing or disguising

22 the nature, location, source, ownership or control of the proceeds.   See 18 U.S.C. §

23 1956(a)(1)(B)(i).

24     134.   In addition, Plaintiff is informed and believes and thereon alleges that the

25 multiple transactions were undertaken by the Defendants with the knowledge that the

26 transaction was designed to avoid the transaction reporting requirements under Federal

27 [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports), 5316 (Currency

28 and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal Revenue Service

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint

1 Form 8300)].

2       135.  Defendants, indeed, have, through their misconduct described hereinabove
3 violated 18 U.S.C. §1957, because these Defendants, or at the very least Defendant T.
4 Cartwright, conducted multiple monetary transactions that were criminal by nature
5 because the funds were illegally taken out of bank accounts to which Plaintiff had
6 access pursuant to the terms and conditions of Exhibits "1" and "2" hereto and turned
7 into cash and/or placed in bank accounts over which Plaintiff had no access, and that
8 such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1). These
9 transactions included deposits, withdrawals, transfers, or exchanges, in or effecting
10 interstate commerce, of funds or monetary instruments that by, or through, to a
11 financial institution, including any transaction that would be defined as a transaction
12 under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

13       136.  Furthermore, each one of these financial transactions constitutes a separate
14 act unless there is a pattern of illegal conduct that qualifies for invocation of the RICO
15 statute. See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir. 1994); *United*
16 *States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

17       137.  There is extra territorial jurisdiction for these violations as the transactions
18 in question not only exceed $10,000, but also that the theft/conversion was by a United
19 States citizen and the conduct occured in the United States. See 18 U.S.C. §§1956(f),
20 1957(d).

21       138.  The acts of racketeering activity previously described constitute a "pattern
22 of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

23       139.  The acts alleged were related to each other by virtue of common
24 participants, common victims and a common result of fraud and enriching the
25 Defendants and conspirators at Plaintiff's expense while concealing the conspirators'
26 fraudulent activities. The theft/conversion scheme continues and would have remained
27 unknown but for Plaintiff having discovered the fraudulent activities when it attempted
28 to debit the Chase bank account #2746 of Defendant Chim and there were no funds

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  present therein after Plaintiff had confirmed that Defendant Chim's 3rd party vendors
2  had in fact paid all outstanding amounts due to Defendant Chim.

3     140.   To date, Plaintiff has been damaged in at least the sum of One Hundred
4  Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or
5  according to proof at the time of trial plus prejudgment interest and attorneys' fees.

6     141.   Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover
7  three-fold its damages, plus costs and attorneys' fees from the Defendants.

8                              **SIXTH CAUSE OF ACTION**

9        (Voidable Transaction – California Civil Code Section 3439.04(a)(1))

10     AS AND FOR A SIXTH CAUSE OF ACTION TO SET ASIDE
11  TRANSACTIONS MADE WITH ACTUAL INTENT TO HINDER, DELAY OR
12  DEFRAUD A CREDITOR AGAINST ALL DEFENDANTS T. CARTWRIGHT, J.
13  QUINN, R. QUINN AND DOES 1 THROUGH 25, INCLUSIVE, PLAINTIFF
14  ALLEGES:

15     142.   Plaintiff realleges and incorporates herein by reference Paragraphs 1
16  through 55, inclusive, Paragraphs 57 through 61, inclusive, and Paragraphs 63 through
17  67, inclusive of its Complaint with the same force and effect as though set forth in full.

18     143.   As alleged hereinabove, Defendant T. Cartwright is indebted to Plaintiff
19  based on the wire fraud, money laundering, theft/conversion and fraudulent activities
20  of Defendant T. Cartwright in the sum of at least One Hundred Sixty Two Thousand
21  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81).

22     144.   Plaintiff is further informed and believes, and based upon such information
23  and belief alleges, that Defendant T. Cartwright transferred the Subject Real Property
24  by the 9/14/22 Conveyance Deed and the 12/12/22 Conveyance Deed to Defendants
25  J.Quinn and R. Quinn *for inadequate or no consideration* and for the purpose of and
26  with actual intent of hindering, delaying or defrauding Plaintiff in the collection of the
27  outstanding amounts due to Plaintiff as set forth herein. *See* Exhibits 16 and 17 hereto.

28     145.   Plaintiff is informed and believes, and based upon such information and

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 belief alleges, that Defendant T. Cartwright remains in possession and/or control of the
2 Subject Real Property in that she still resides at the SUBJECT REAL PROPERTY
3 despite having changed title thereto to her children, Defendants J. Quinn and R. Quinn.

4     146.  Plaintiff is informed and believes, and based upon such information and
5 belief alleges, that the aforementioned transfer and further encumbrance of the Subject
6 Real Property was made with actual intent to hinder, delay, or defraud Plaintiff and
7 other possible financial lenders in the collection of the debts owed by Defendant T.
8 Cartwright to Plaintiff as demonstrated by the following statutorily recognized "badges
9 of fraud," including, but not limited to:

10     a.  The 9/14/22 and the 12/12/22 transfer of the Subject Real Property
11     was to insiders, *i.e.,* Defendants J. Quinn and R. Quinn, which
12     Plaintiff is informed and believes and based upon such information
13     and belief alleges, are Defendant T. Cartwright's adult children;

14     b.  Defendant T. Cartwright, the mastermind behind the wire fraud,
15     money laundering and theft/conversion scheme perpetrated upon
16     Plaintiff as set forth hereinabove, retained possession and/or control
17     of the Subject Real Property after the transfer to Defendants J.
18     Quinn and R. Quinn;

19     c.  The 9/14/22 and the 12/12/22 transfer of the Subject Real Property
20     was to insiders, *i.e.,* Defendants J. Quinn and R. Quinn, the adult
21     children of Defendant T. Cartwright; and

22     d.  The transfers and further encumbrance of the Subject Real Property
23     were never disclosed to Plaintiff;

24     e.  The transfers of the Subject Real Property was a substantial part or
25     all of Defendant T. Cartwright's assets, and that because of the
26     transfers of the Subject Real Property, Defendant T. Cartwright was
27     rendered insolvent; and

28     f.  The value of the consideration received by Defendant T. Cartwright

1  ($0.00) for the foregoing transaction was not reasonably equivalent

2  to the value of the asset transferred and/or encumbered, which

3  Plaintiff is informed and believes, and based upon such information

4  and belief alleges, now has a fair market value of at least

5  $416,000.00.

6  147.  As a proximate result of the transactions alleged herein made with actual

7  intent to hinder, delay or defraud Plaintiff, Plaintiff is informed and believes, and based

8  upon such information and belief alleges, that Defendant T. Cartwright is without assets

9  to satisfy the Judgment when obtained to Plaintiff, which as a result has damaged

10  Plaintiff in at least the sum of plus interest at the lawful rate of 10% per annum from

11  and after the invoice due dates set forth on Exhibits "6", "7", "8" and "9" plus costs

12  according to proof and attorneys' fees according to proof but in at least the sum of

13  $75,000.00, or in an amount to be determined at trial.

14  148.  Plaintiff is informed and believes, and based upon such information and

15  belief alleges, that Defendant T. Cartwright's conduct as the transferor and Defendants

16  J. Quinn's and R. Quinn's conduct as the transferee of the Subject Real Property as

17  alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

18  149.  At all times mentioned herein, Defendants, and each of them, knew of

19  Plaintiff's potential claims against Defendant T. Cartwright and knew that Plaintiff's

20  potential claims could be satisfied by levying on the Subject Real Property and

21  obtaining an Order to sell the Subject Real Property. Notwithstanding this knowledge,

22  Defendants, and each of them, intentionally, willfully, fraudulently, and maliciously did

23  the things herein alleged to defraud and oppress Plaintiff.

24  150.  The aforementioned conduct was made with the intention on the part of

25  the Defendants named herein of depriving Plaintiff of property or legal rights or

26  otherwise causing Plaintiff's injury, and was despicable conduct that subjected Plaintiff

27  to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify

28  an award of punitive and exemplary damages against Defendants, and each of them.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

## SEVENTH CAUSE OF ACTION

(Voidable Transaction – California Civil Code Section 3439.04(a)(2))

AS AND FOR A SEVENTH CAUSE OF ACTION TO SET ASIDE TRANSACTIONS MADE WITHOUT RECEIVING REASONABLY EQUIVALENT VALUE IN EXCHANGE FOR THE TRANSFER AS AGAINST DEFENDANTS, T. CARTWRIGHT, J. QUINN, R. QUINN AND DOES 1 THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

151.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 55, inclusive, Paragraphs 57 through 61, inclusive, and Paragraphs 63 through 67, inclusive of its Complaint with the same force and effect as though set forth in full.

152.   Plaintiff is informed and believes, and based upon such information and belief alleges, that the value of the consideration received by Defendant T. Cartwright ($0.00) for the transaction alleged herein regarding the Subject Real Property was not reasonably equivalent to the value of the asset transferred and/or encumbered, which Plaintiff is informed and believes, and based upon such information and belief alleges, now has a fair market value of at least $416,000.00.

153.   Plaintiff is informed and believes, and based upon such information and belief alleges, that at the time of the transfers of the Subject Real Property, Defendant T. Cartwright was engaged or was about to engage in a transaction for which her remaining assets were unreasonably small in relation to the transaction.  In the alternative, Plaintiff is further informed and believes, and based upon such information and belief alleges, that at the time of the transfer of the Subject Real Property to Defendants J. Quinn and R. Quinn from Defendant T. Cartwright, Defendant T. Cartwright intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

154.   As a proximate result of the transactions alleged herein regarding the Subject Real Property, Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant T. Cartwright is without assets to satisfy

1    the outstanding amounts owed to Plaintiff in the within action, which as a result has

2    damaged Plaintiff in at least the sum of One Hundred Sixty Two Thousand Nine

3    Hundred Forty Six and 81/100 Dollars ($162,946.81) plus interest at the lawful rate of

4    10% per annum from and after the invoice due dates set forth on Exhibits "6", "7", "8"

5    and "9" plus costs according to proof and attorneys' fees according to proof but in at

6    least the sum of $75,000.00, or in an amount to be determined at trial.

7        155.   Plaintiff is informed and believes, and based upon such information and

8    belief alleges, that Defendant T. Cartwright's conduct as the transferor and Defendants

9    J. Quinn's and R. Quinn's conduct as the transferee of the Subject Real Property as

10    alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

11                     **EIGHTH CAUSE OF ACTION**

12        (Voidable Transaction – California Civil Code Section 3439.05)

13        AS AND FOR AN EIGHTH CAUSE OF ACTION TO SET ASIDE

14    TRANSACTIONS MADE WITHOUT RECEIVING REASONABLY EQUIVALENT

15    VALUE IN EXCHANGE FOR THE TRANSFER LEAVING THE DEBTOR

16    INSOLVENT AS AGAINST DEFENDANTS T. CARTWRIGHT, J. QUINN, R.

17    QUINN AND DOES 1 THROUGH 25, PLAINTIFF ALLEGES:

18        156.   Plaintiff realleges and incorporates herein by reference Paragraphs 1

19    through 55, inclusive, Paragraphs 57 through 61, inclusive, and Paragraphs 63 through

20    67, inclusive of its Complaint with the same force and effect as though set forth in full.

21        157.   Plaintiff is informed and believes, and based upon such information and

22    belief alleges, that the value of the consideration received by Defendant T. Cartwright

23    ($0.00) for the transaction alleged herein regarding the Subject Real Property was not

24    reasonably equivalent to the value of the asset transferred, which Plaintiff is informed

25    and believes, and based upon such information and belief alleges, now has a fair market

26    value of at least $416,000.00.

27        158.   Plaintiff is informed and believes, and based upon such information and

28    belief alleges, that at the time of the transfer of the Subject Real Property, Defendants

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 knew or should have known that their wire fraud, money laundering and
2 theft/conversion scheme would result in Plaintiff making a claim against Defendant T.
3 Cartwright as alleged herein. Plaintiff is further informed and believes, and based upon
4 such information and belief alleges, that at the time of the transfer of the SUBJECT
5 REAL PROPERTY, Defendants T. Cartwright was insolvent or became insolvent as
6 a result of the transfer of the SUBJECT REAL PROPERTY to Defendants J. Quinn and
7 R. Quinn, Defendant T. Cartwright's adult children.

8     159.  As a proximate result of the transfer of the Subject Real Property, Plaintiff
9 is informed and believes, and based upon such information and belief alleges, that
10 Defendant T. Cartwright is without assets to satisfy the claim for monies owed to
11 Plaintiff in the within action, which as a result has damaged Plaintiff in at least the sum
12 of One Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
13 ($162,946.81) plus interest at the lawful rate of 10% per annum from and after the
14 invoice due dates set forth on Exhibits "6", "7", "8" and "9" plus costs according to
15 proof and attorneys' fees according to proof but in at least the sum of $75,000.00, or
16 in an amount to be determined at trial.

17     160.  Plaintiff is informed and believes, and based upon such information and
18 belief alleges, that Defendant T. Cartwright's conduct as the transferor and Defendants
19 J. Quinn's and R. Quinn's conduct as the transferee of the Subject Real Property as
20 alleged herein was a substantial factor in causing harm to Plaintiff as alleged herein.

21 <center>**NINTH CAUSE OF ACTION**</center>

22 <center>(Fraud and Deceit - Intentional Misrepresentation - Suppression of Fact)</center>

23     AS AND FOR A NINTH CAUSE OF ACTION FOR FRAUD AND DECEIT -
24 INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT, AGAINST
25 DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

26     161.  Plaintiff realleges and incorporates herein by reference Paragraphs 1
27 through 55, inclusive, Paragraphs 57 through 61, inclusive, and Paragraphs 63 through
28 67, inclusive of its Complaint with the same force and effect as though set forth in full.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

<center>Page 37</center>

1    162.  Plaintiff is informed and believes, and based upon such information and
2  belief alleges, that commencing on February 9, 2023 and continuing through the
3  present, Defendants, and each of them, through T. Cartwright and J. Quinn, falsely,
4  fraudulently and intentionally made the representations telephonically and in writing
5  (via email) set forth in Paragraphs 18 through 47 hereinabove and as evidenced by
6  Exhibits "1" through "14" hereto.

7    163.  The representations made by Defendants, and each of them, were in fact
8  false, fraudulent and intentional.  The true facts were that Defendants, and each of
9  them, through T. Cartwright and J. Quinn, knew, at the time they made the foregoing
10  false and fraudulent representations that Defendants had no intention of paying the
11  outstanding amounts due to Plaintiff and in truth and in fact it was a "scheme"
12  orchestrated by Defendants to deprive Plaintiff of the monies to which it was rightfully
13  entitled.  All of the false and fraudulent representations were made by Defendants,
14  through T. Cartwright and J. Quinn, to induce Plaintiff into factoring the
15  invoices/accounts receivable of Defendant Chim so that Defendants, and each of them,
16  could divert the funds received from Defendants' customers in payment of invoices to
17  their own use and benefit.

18    164.  Furthermore, Plaintiff believes that (a) the payment by Defendants on the
19  first three invoices factored (Exhibits "3", "4" and "5" hereto) was done for the purpose
20  of lulling Plaintiff into a fall sense of security that Defendants would in fact pay
21  Plaintiff for the additional invoices factored (Exhibits "6", "7", "8" and "9" hereto)
22  when in truth and in fact, Defendants always intended to divert and convert the funds
23  paid by their customers, which funds rightfully belonged to Plaintiff, to their own use
24  and benefit.

25    165.  Plaintiff is further informed and believes and based thereon alleges that
26  Defendants never had any intention whatsoever of paying Plaintiff any additional sums
27  on the factored invoices/accounts receivable, but rather always intended to keep the
28  $162,946.81 advanced by Plaintiff and convert same to their own use and benefit.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Page 38

1      166.   When Defendants, and each of them, intentionally made these false and
2  fraudulent representations they knew them to be false, and these false and fraudulent
3  representations were made by Defendants, and each of them, with the intent to defraud
4  and deceive Plaintiff, and with the intent to induce Plaintiffs to act in the manner herein
5  alleged.

6      167.   Plaintiff, at the time these false and fraudulent representations were
7  intentionally made by Defendants, and each of them, and at the time Plaintiff took the
8  actions herein alleged, was ignorant of the falsity of Defendants' representations and
9  believed them to be true.   In justifiable reliance on these false and fraudulent
10  representations, Plaintiff was induced to and did factor Exhibits "6", "7", "8" and "9",
11  into a bank account controlled, exclusively, by Defendant Chim. Had Plaintiff known
12  the actual facts, it would never have factored Exhibits "6", "7", "8" and "9" hereto into
13  a bank account controlled by Defendant Chim. Plaintiff's reliance on Defendants' false
14  and fraudulent representations was justified because Defendants had timely paid
15  Plaintiff the monies due on Exhibits "3", "4" and "5" hereto.

16      168.   As a proximate result of Defendants' fraud and deceit and the facts herein
17  alleged, Plaintiff was deprived of the monies to which it was rightfully entitled, all to
18  Plaintiff's damage in at least the sum of One Hundred Sixty Two Thousand Nine
19  Hundred Forty Six and 81/100 Dollars ($162,946.81) plus interest at the lawful rate of
20  10% per annum from and after the invoice due dates set forth on Exhibits "6", "7", "8"
21  and "9" plus costs according to proof and attorneys' fees according to proof but in at
22  least the sum of $75,000.00, or in an amount to be determined at trial.

23      169.   The aforementioned conduct of Defendants, and each of them, was
24  intentional misrepresentation, deceit or concealment of a material fact known to the
25  Defendants with the intention on the part of the Defendants of thereby depriving
26  Plaintiff of property or legal rights or otherwise causing injury, and was despicable
27  conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard
28  of Plaintiff's rights, so as to justify an award of punitive and exemplary damages, as

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  well as an award of attorneys' fees to the extent allowed by law.

2  <center>**TENTH CAUSE OF ACTION**</center>

3  <center>(Fraud and Deceit - Negligent Misrepresentation - Suppression of Fact)</center>

4  AS AND FOR A TENTH CAUSE OF ACTION FOR FRAUD AND DECEIT -
5  NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT, AGAINST
6  DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

7  170.  Plaintiff realleges and incorporates herein by reference Paragraphs 1
8  through 46, inclusive, of Plaintiff's Complaint with the same force and effect as though
9  set forth herein.

10  171.  In order to state a claim for negligent misrepresentation, Plaintiff must
11  plead: (1) the misrepresentation of a past or existing material fact, (2) without
12  reasonable ground for believing it to be true, (3) within intent to induce another's
13  reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation;
14  and (5) resulting damage. *Apollo Fund, LLC v. Roth Capital Partners, LLC*, 158
15  Cal.App.4th 226, 243 (2007). "Negligent misrepresentation is a species of fraud or
16  deceit specifically requiring an assertion." *Wilson v. Century 21*, 15 Cal.App.4th 298,
17  306 (1993). Yet unlike an allegation of fraud, "negligent misrepresentation does not
18  require knowledge of falsity." *Apollo*, 158 Cal.App.4th at 243. Moreover, the Ninth
19  Circuit has not yet decided whether the heightened pleading requirements under Rule
20  9 applied in negligent misrepresentation claims. *Petersen v. Allstate Indemnity Co.*,
21  281 F.R.D. 413, 418-19 (C.D. Cal. 2012).

22  172.  In light of the fact that Plaintiff has stated and set forth a valid claim for
23  fraud against the Defendants based on the facts alleged hereinabove, we ask the Court
24  to also find that Plaintiff has stated a claim for negligent misrepresentation. *See Cisco*
25  *Systems, Inc. v. Tsai*, 215 W.L. 1273249 at *5 (C.D. Cal. January 9, 2015) (confirming
26  claim for negligent misrepresentation can be established by the same elements of fraud
27  but without the knowledge element).

28  <center>**ELEVENTH CAUSE OF ACTION**</center>

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

<center>Page 40</center>

1

2

3

(Conversion)

AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR CONVERSION AGAINST DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

4    173.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
5    through 46, inclusive, Paragraph 57 through 61, inclusive and Paragraphs 63 through
6    67, inclusive of Plaintiff's Complaint with the same force and effect as though set forth
7    herein.

8    174.    From on or about April 3, 2023 through the present, Plaintiff was and still
9    is the owner of and entitled to possession of the $162,946.81 taken by Defendants.

10    175.    From on or about at least April 3, 2023 through the present, the above-
11    mentioned property had a value of at least $162,946.81.

12    176.    From on or about at least April 3, 2023 through the present, Defendants,
13    and each of them, took the above-mentioned property from Plaintiff and converted the
14    same to their own use and benefit.

15    177.    From on or about April 3, 2023 through the present, when Plaintiff first
16    realized that Defendants, and each of them, had taken Plaintiff's monies/property and
17    converted same to their own use and benefit, Plaintiff demanded, orally and in writing,
18    that Defendants immediately turn over the above-mentioned property to Plaintiff but
19    Defendants, and each of them, to date, have failed and refused and continue to fail and
20    refuse to do so.

21    178.    As a proximate result of Defendants' conversion, Plaintiff has been
22    deprived of the use and benefit to be derived from the property converted, all to
23    Plaintiff's damage in at least the sum of One Hundred Sixty Two Thousand Nine
24    Hundred Forty Six and 81/100 Dollars ($162,946.81) or according to proof at the time
25    of trial.

26    179.    Since Defendants, and each of them, knew that Plaintiff needed the
27    aforesaid property, and that it would incur substantial hardship and expenses as a result
28    of the conversion of the property belonging to Plaintiff by Defendants, and each of

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 them, to themselves for their own use and benefit, the aforementioned conduct of
2 Defendants, and each of them, was done with the intention on the part of the
3 Defendants of depriving Plaintiff of its  property and/or legal rights and otherwise
4 causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust
5 hardships in conscious disregard of Plaintiff's rights so as to justify an award of
6 exemplary and punitive damages.

## TWELFTH CAUSE OF ACTION

(Unjust Enrichment and Imposition of Constructive Trust)

9 AS AND FOR A TWELFTH CAUSE OF ACTION BASED ON UNJUST
10 ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST AGAINST
11 DEFENDANTS, AND EACH OF THEM, PLAINTIFF ALLEGES:

12 180. Plaintiff realleges and incorporates herein by reference Paragraphs 1
13 through 55, inclusive, Paragraphs 57 through 61, inclusive, and Paragraphs 63 through
14 67, inclusive of its Complaint with the same force and effect as though set forth in full.

15 181. Plaintiff is informed and believes and thereon alleges that Defendants, and
16 each of them, have received a benefit at Plaintiff's expense.

17 182. As alleged herein, as a direct and proximate result of the conduct of
18 Defendants, and each of them, Plaintiff has been damaged in at least the sum of One
19 Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
20 ($162,946.81) or an amount to be proved at trial together with interest thereon at the
21 rate of 10% per annum from and after the Invoice due dates set forth on Exhibits "6",
22 "7", "8" and "9".

23 183. As further alleged herein, Defendants, and each of them, have enjoyed a
24 benefit as alleged in this Complaint to the detriment of Plaintiff. Plaintiff is informed
25 and believes and thereon alleges that the benefits conferred upon Defendants, and each
26 of them, was the result of mistake, fraud or coercion, or request, thus making their
27 enrichment unjust.

28 184. Accordingly, in order to protect the Plaintiff, pending the final resolution

1  of this action, Plaintiff requests that the Court impose a Constructive Trust over a
2  sufficient amount of Defendants' assets and resources in order to ensure that Plaintiff
3  is made whole at the conclusion of this action.

4  **PLAINTIFF DEMANDS A JURY TRIAL**

5  WHEREFORE, Plaintiff prays for relief as follows:

6  FOR THE FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN
7  CONTRACT AS TO DEFENDANTS CHIM, T. CARTWRIGHT, J. QUINN AND
8  DOES 1 THROUGH 25, INCLUSIVE:

9  1.  For damages in at least the sum of One Hundred Sixty Two Thousand
10  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
11  at trial;

12  2.  For interest on the sum of $162,946.81 at the lawful rate of 10% per
13  annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";
14  and

15  3.  For attorneys' fees in at least the sum of $75,000.00 or according to proof
16  at the time of trial;

17  FOR THE SECOND CAUSE OF ACTION FOR BREACH OF ORAL
18  CONTRACT AS TO DEFENDANTS CHIM, T. CARTWRIGHT, J. QUINN AND
19  DOES 1 THROUGH 25, INCLUSIVE:

20  4.  For damages in at least the sum of One Hundred Sixty Two Thousand
21  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
22  at trial;

23  5.  For interest on the sum of $162,946.81 at the lawful rate of 10% per
24  annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

25  6.  For attorneys' fees in at least the sum of $75,000.00 or according to proof
26  at the time of trial;

27  FOR THE THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE
28  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION

Ronald P. States, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  ("RICO") (WIRE FRAUD) AGAINST DEFENDANTS AND EACH OF THEM:

2  7.   For damages in at least the sum of One Hundred Sixty Two Thousand
3  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
4  at trial;

5  8.   For interest on the sum of $162,946.81 at the lawful rate of 10% per
6  annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

7  9.   For punitive and exemplary damages according to proof at the time of
8  trial;

9  10.   For attorneys' fees to the extent permitted by law;

10  FOR THE FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE
11  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION
12  ("RICO") (MONEY LAUNDERING) AGAINST DEFENDANTS AND EACH OF
13  THEM:

14  11.   For damages in at least the sum of One Hundred Sixty Two Thousand
15  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
16  at trial;

17  12.   For interest on the sum of $162,946.81 at the lawful rate of 10% per
18  annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

19  13.   For punitive and exemplary damages according to proof at the time of
20  trial;

21  14.   For attorneys' fees to the extent permitted by law;

22  FOR THE FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE
23  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION
24  ("RICO") (THEFT/CONVERSION) AGAINST DEFENDANTS AND EACH OF
25  THEM:

26  15.   For damages in at least the sum of One Hundred Sixty Two Thousand
27  Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
28  at trial;

Complaint

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1    16.    For interest on the sum of $162,946.81 at the lawful rate of 10% per

2 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

3    17.    For punitive and exemplary damages according to proof at the time of

4 trial;

5    18.    For attorneys' fees to the extent permitted by law;

6        FOR THE SIXTH CAUSE OF ACTION FOR VOIDABLE TRANSACTION -

7 CALIFORNIA CIVIL CODE SECTION 3439.04(a)(1) AGAINST DEFENDANTS T.

8 CARTWRIGHT, J. QUINN, R. QUINN AND DOES 1 THROUGH 25, INCLUSIVE:

9    19.    That the transfer of the SUBJECT REAL PROPERTY by the 9/14/22 and

10 12/12/22 Conveyance Deeds from Defendant T. Cartwright to Defendants J. Quinn and

11 R. Quinn be set aside and declared void, and that the 9/14/22 and 12/12/22 Conveyance

12 Deeds be declared void, and that the 9/14/22 and 12/12/22 Conveyance Deeds be

13 declared null and void *ab initio* and therefore title to the SUBJECT REAL PROPERTY

14 be vested back in the name of Defendant T. Cartwright as though said Grant Deed was

15 never delivered or recorded;

16    20.    For a money judgment as against all Defendants, and each of them, to the

17 extent necessary to satisfy the outstanding indebtedness due to Plaintiff in at least the

18 sum of One Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars

19 ($162,946.81) or an amount to be proved at trial;

20    21.    For interest on the sum of $162,946.81 at the lawful rate of 10% per

21 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

22    22.    That a temporary restraining order be granted to Plaintiff enjoining and

23 restraining Defendants, and each of them, including their respective employees,

24 representatives, attorneys and agents from selling, transferring, conveying, assigning,

25 encumbering, hypothecating or otherwise disposing of the SUBJECT REAL

26 PROPERTY;

27    23.    That a preliminary injunction be granted to Plaintiff enjoining and

28 restraining Defendants, and each of them, including but not limited to their respective

Page 45

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  employees, representatives, attorneys and agents from selling, transferring, conveying,
2  assigning, encumbering, hypothecating or otherwise disposing of the SUBJECT REAL
3  PROPERTY;

4      24.    That an order be made declaring that Defendants, and each of them, hold
5  the SUBJECT REAL PROPERTY in trust for Plaintiff;

6      25.    That Defendants, and each of them, be required to account to Plaintiff for
7  all profits and proceeds earned from or taken in exchange for the SUBJECT REAL
8  PROPERTY;

9      26.    That a judgment herein be declared a lien on the SUBJECT REAL
10  PROPERTY;

11     27.    For punitive and exemplary damages according to proof at the time of
12  trial;

13     FOR THE SEVENTH CAUSE OF ACTION PURSUANT TO CALIFORNIA
14  CIVIL CODE SECTION 3439.04(a)(2) TO SET ASIDE TRANSACTIONS MADE
15  WITHOUT RECEIVING REASONABLY EQUIVALENT VALUE IN EXCHANGE
16  FOR THE TRANSFER AS AGAINST DEFENDANTS T. CARTWRIGHT, J. QUINN,
17  R. QUINN AND DOES 1 THROUGH 25, INCLUSIVE:

18     28.    That the transfer of the SUBJECT REAL PROPERTY by the 9/14/2022
19  and 12/12/22 Conveyance Deeds from Defendant T. Cartwright to Defendants J. Quinn
20  and R. Quinn be set aside and declared void and that the 9/14/22 and 12/12/22
21  Conveyance Deeds be declared null and void *ab initio* and therefore title to the
22  SUBJECT REAL PROPERTY be vested back in the name of Defendant T. Cartwright
23  as though said Grant Deed was never delivered or recorded;

24     29.    For a money judgment as against Defendants, and each of them, to the
25  extent necessary to satisfy the outstanding indebtedness due to Plaintiff in at least the
26  sum of One Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
27  ($162,946.81) or an amount to be proved at trial;

28     30.    For interest on the sum of $162,946.81 at the lawful rate of 10% per

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

2     31.    That a temporary restraining order be granted to Plaintiff enjoining and
3 restraining Defendants, and each of them, including their respective employees,
4 representatives, attorneys and agents from selling, transferring, conveying, assigning,
5 encumbering, hypothecating or otherwise disposing of the SUBJECT REAL
6 PROPERTY;

7     32.    That a preliminary injunction be granted to Plaintiff enjoining and
8 restraining Defendants, and each of them, including but not limited to their respective
9 employees, representatives, attorneys and agents from selling, transferring, conveying,
10 assigning, encumbering, hypothecating or otherwise disposing of the SUBJECT REAL
11 PROPERTY;

12     33.    That an order be made declaring that Defendants, and each of them, hold
13 the SUBJECT REAL PROPERTY in trust for Plaintiff;

14     34.    That Defendants, and each of them, be required to account to Plaintiff for
15 all profits and proceeds earned from or taken in exchange for the SUBJECT REAL
16 PROPERTY;

17     35.    That a judgment herein be declared a lien on the SUBJECT REAL
18 PROPERTY;

19     FOR THE EIGHTH CAUSE OF ACTION TO SET ASIDE TRANSACTIONS
20 MADE WITHOUT RECEIVING REASONABLY EQUIVALENT VALUE IN
21 EXCHANGE FOR THE TRANSFER LEAVING THE DEBTOR INSOLVENT
22 (CALIFORNIA CIVIL CODE SECTION 3439.05) AS AGAINST DEFENDANTS,
23 T. CARTWRIGHT, J. QUINN, R. QUINN AND DOES 1 THROUGH 25,
24 INCLUSIVE:

25     36.    That the transfer of the SUBJECT REAL PROPERTY by the 9/14/22 and
26 12/12/22 Conveyance Deeds from Defendant T. Cartwright to Defendants J. Quinn and
27 R. Quinn be set aside and declared void, and that the 9/14/22 and 12/12/22 Conveyance
28 Deeds be declared void and that the 9/14/22 and 12/12/22 Conveyance Deeds be

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 declared null and void *ab initio* and therefore title to the SUBJECT REAL PROPERTY
2 be vested back in the name of Defendant T. Cartwright as though said Grant Deed was
3 never delivered or recorded;

4     37.    For a money judgment as against Defendants, and each of them, to the
5 extent necessary to satisfy the outstanding indebtedness due to Plaintiff in at least the
6 sum of One Hundred Sixty Two Thousand Nine Hundred Forty Six and 81/100 Dollars
7 ($162,946.81) or an amount to be proved at trial;

8     38.    For interest on the sum of $162,946.81 at the lawful rate of 10% per
9 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

10     39.    That a temporary restraining order be granted to Plaintiffs enjoining and
11 restraining Defendants, and each of them, including their respective employees,
12 representatives, attorneys and agents from selling, transferring, conveying, assigning,
13 encumbering, hypothecating or otherwise disposing of the SUBJECT REAL
14 PROPERTY;

15     40.    That a preliminary injunction be granted to Plaintiffs enjoining and
16 restraining Defendants, and each of them, including but not limited to their respective
17 employees, representatives, attorneys and agents from selling, transferring, conveying,
18 assigning, encumbering, hypothecating or otherwise disposing of the SUBJECT REAL
19 PROPERTY;

20     41.    That an order be made declaring that Defendants, and each of them, hold
21 the SUBJECT REAL PROPERTY in trust for Plaintiffs;

22     42.    That Defendants, and each of them, be required to account to Plaintiffs for
23 all profits and proceeds earned from or taken in exchange for the SUBJECT REAL
24 PROPERTY;

25     43.    That a judgment herein be declared a lien on the SUBJECT REAL
26 PROPERTY;

27     FOR THE NINTH CAUSE OF ACTION FOR FRAUD AND DECEIT -
28 INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT AGAINST

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 DEFENDANTS, AND EACH OF THEM:

2     44.    For damages in at least the sum of One Hundred Sixty Two Thousand
3 Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
4 at trial;

5     45.    For interest on the sum of $162,946.81 at the lawful rate of 10% per
6 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

7     46.    For punitive and exemplary in an amount to be determined at trial;

8     FOR THE TENTH CAUSE OF ACTION FOR FRAUD AND DECEIT -
9 NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT AGAINST
10 DEFENDANTS, AND EACH OF THEM:

11     47.    For damages in at least the sum of One Hundred Sixty Two Thousand
12 Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
13 at trial;

14     48.    For interest on the sum of $162,946.81 at the lawful rate of 10% per
15 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

16     FOR THE ELEVENTH CAUSE OF ACTION FOR CONVERSION AGAINST
17 DEFENDANTS, AND EACH OF THEM:

18     49.    For damages in at least the sum of One Hundred Sixty Two Thousand
19 Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved
20 at trial;

21     50.    For interest on the sum of $162,946.81 at the lawful rate of 10% per
22 annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

23     51.    For punitive and exemplary damages according to proof at the time of
24 trial;

25     FOR THE TWELFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT
26 AND IMPOSITION OF CONSTRUCTIVE TRUST AGAINST DEFENDANTS, AND
27 EACH OF THEM:

28     52.    For damages in at least the sum of One Hundred Sixty Two Thousand

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   Nine Hundred Forty Six and 81/100 Dollars ($162,946.81) or an amount to be proved

2   at trial;

3       53.    For interest on the sum of $162,946.81 at the lawful rate of 10% per

4   annum from and after the Invoice due dates set forth on Exhibits "6", "7", "8" and "9";

5       54.    For imposition of a constructive trust over a sufficient amount of

6   Defendants' assets and resources in order to ensure that Plaintiff is made whole at the

7   conclusion of this action;

8       FOR ALL CAUSES OF ACTION:

9       55.    For costs of suit incurred herein; and

10      56.    For any such other and further relief as this Honorable Court deems just

11  and proper.

12      DATED: August 24, 2023

13                      Respectfully submitted,

14                      RONALD P. SLATES
                        A PROFESSIONAL CORPORATION

17                      BY: RONALD P. SLATES
    Attorney for Plaintiff Lynch Inc., a Delaware corporation

Page 50

Complaint